THE BOARD OF COMMISSIONERS OF SALINE COUNTY v. JOHN GEIS.

SEC. 120, CH. 107, OF GEN. STAT., *Construed; Practice.* In order that a petition shall state sufficient facts to constitute a cause of action under ? 120, chapter 107, p. 1058, Gen. Stat., against a board of county commissioners of a county, in favor of the holder of a tax certificate granted upon a sale, where such an error or irregularity exists that the land ought not to be conveyed, it must allege a want of funds in the hands of the county treasurer, or some valid reason for his inability to refund, or else some action on the part of the commissioners in the way of direction to the county treasurer, or other interference, whereby the holder of the tax certificate is delayed of or denied his right to have his money repaid.

*Error from Saline District Court.*

DEFENDANT in error, *John Geis*, who was plaintiff below, on May 5th, 1877, commenced this action in the district court of Saline county against the plaintiff in error, *The*

*Board of Commissioners of Saline County*, the defendant below, to recover on nine tax-sale certificates. He set forth in his petition nine separate causes of action; but as the legal questions involved in each cause of action are the same, it will be necessary to state the facts set forth in only one of the causes of action. The first cause of action set forth substantially the following facts: In 1871, the proper officers of Saline county levied taxes on the southwest quarter of section 1, township 14, range 1, west. On May 7th, 1872, said land was sold to the county for said taxes, and on that day the plaintiff, *John Geis*, for the purpose of purchasing the tax title, paid into the treasury of said county $10.78, said sum being equal to the cost of redemption of the land. The county treasurer then issued to the plaintiff a certificate, and the county clerk duly assigned the same to the plaintiff. On November 7th, 1872, the plaintiff paid into the county treasury $10.46, being the taxes levied on the land for 1872, and the county treasurer indorsed the amount so paid on the certificate, together with the date of the payment. At the time of the levy of the taxes for 1871 and 1872, the land was the property of the United States, and exempt from taxation by the state. At the time of the said payments to the county treasurer, the plaintiff was not aware of such exemption, but supposed, as was claimed by the officers of the county, that the taxes were legal and valid. As soon as he was aware of the illegality of said taxes, to wit, on or about the — day of ———, 187–, he offered to return said certificate to the county treasurer of said county, and demanded of the treasurer that he refund the several amounts paid into the county treasury by him, with interest at the rate of ten per cent. per annum on each of the sums paid; and neither the county treasurer nor the county had paid said sums, or any part thereof.

The defendant filed a motion to make the petition definite and certain — 1st, by stating the time when the plaintiff offered to return the tax certificate to the defendant, or to the county treasurer of Saline county; 2d, by definitely stating

what the alleged discovery of error and irregularity of assessment or other error consisted of, the nature and facts thereof, and the time when the same were discovered by plaintiff and the treasurer of Saline county. This motion was overruled by the court; and thereupon the defendant filed a demurrer to the petition, alleging that no cause of action was set forth in the petition, and that there was a defect of parties defendant, in that the treasurer of Saline county was the proper party defendant. The court also overruled this demurrer; and thereupon the defendant filed an answer, containing thirteen causes of defense: 1st, a general denial; 2d, a conveyance of the real estate by the United States; 3d, knowledge of *John Geis* of the kind of title to the real estate so sold for taxes at the time the same was assigned to him; 4th, notice to *Geis* of the grant to the K. P. Rly. Co.; 5th, makes the first four a part thereof, alleges ownership of the real estate, and voluntary payment of the taxes, etc.; 6th, voluntary payment with the money of parties claiming to be owners of the real estate; 7th, alleged payment to the United States of the cost of surveying, selecting and conveying the lands named in the petition, and the acknowledgment of the United States by written instruments of same, and made the first six a part thereof; 8th, want of consideration, etc.; 9th, legality of taxes, and voluntary payments; 10th, made the nine previous parts thereof, alleged completion of the K. P. railway according to grant, and conveyance of the lands to plaintiff; 11th, alleged sufficient funds in the hands of county treasurer to pay all such legal claims, etc., and defect of parties defendant, the county treasurer being the only proper party defendant; 12th, three years' limitation; 13th, five years' limitation. Plaintiff moved to strike out the 2d, 3d, 4th, 5th, 6th, 7th, 9th, 10th and 11th causes of defense, alleging them to be redundant, irrelevant, and mere statements of evidence; and his motion being overruled, he demurred to the same, alleging that they did not contain sufficient facts. The demurrer was sustained as to the 3d, 4th and 11th defenses, and excepted to. The defendant filed a reply, a gen-

eral denial, and the cause was tried by the court and jury, on May 1st, 1878. Under the instructions of the court, a verdict was rendered by the jury for the amount of each tax certificate, with the subsequent taxes indorsed thereon as paid, with interest at ten per cent. per annum on these amounts from the dates of payment, and the fees paid for the certificates. Judgment was afterward rendered on the verdict for $381.23, and $26.65 costs. The defendant brings the case here on error, and seeks to review the rulings of the district court and reverse its judgment.

*John Foster,* for plaintiff in error:

The court erred in overruling the demurrer of plaintiff in error. No one of the causes of action set forth in the petition states sufficient facts. The last clause in § 91, ch. 107, Gen. Stat. 1868, and also § 117, ch. 34, Laws 1876, clearly indicate that the legislature intended § 120, ch. 107 of Gen. Stat., and also § 145, ch. 34, Laws 1876, to include only purchasers at the original tax sales by the treasurer. (*Sapp v. Comm'rs of Brown Co.,* 20 Kas. 243.)

The indorsement is as essential to authorize the treasurer to refund as the presentation of the certificates, and must be pleaded. Also, the error or irregularity, its discovery, and the date thereof, must be stated.

The failure to allege the presentation of these certificates to the county treasurer, with the county clerk's refusal to convey indorsed thereon, is a fatal defect in said petition. The language of said § 145 is peculiarly clear and positive: "And the county treasurer shall, on the return of the tax certificates, with the refusal of the county clerk indorsed thereon, refund," etc. (18 Kas. 445.)

If the claim in such a case be already allowed, it seems that the action does not lie against the county, but against the county treasurer, to compel him to refund. If it be suggested that there were no funds in the hands of the county treasurer to pay this kind of a claim, then an allegation of this fact was necessary to make a good cause of action, and

without it the petition is defective, and the demurrer should have been sustained.

If the tax has been levied and collected, and is in the hands of the county treasurer to pay these claims already allowed, the county officers, excepting the treasurer, have done everything in their power toward paying. How can it be claimed that this action is properly against the county? In this case, for instance, Geis has his judgment. What will he do next? Can the county commissioners be compelled to levy a tax to pay this judgment when a tax has already been levied, collected, and is now in the hands of the county treasurer for the same purpose? I claim not.

The demurrer by the plaintiff in error to the evidence should have been sustained. There was no evidence to support a verdict for defendant in error. No legal demand was ever made for the money. The court erred in directing a verdict for the defendant in error. When there is evidence tending in any degree to establish the cause of action or defense, it is error for the court to take the case from the jury, or pronounce an opinion upon the sufficiency or weight of the evidence: 32 Iowa, 178; 35 Iowa, 587; 17 Kas. 572; 16 Kas. 383; 5 Allen, 5; 27 Miss. 270; 52 Miss. 704.

*T. F. Garver*, for defendant in error:

We do not think it absolutely essential that a party seeking to recover in such a case as this, should rely wholly upon the sections of the tax law which provide for repayment of the money. When the money was paid into the county treasury under a misapprehension of the facts, under the belief that the lands sold were legally taxable, why should not a recovery be had upon the same principle that one can recover taxes paid involuntarily? Under what rule can the county retain money which, under similar circumstances, it would be inequitable and unjust for an individual to retain? (3 Gilm. 502; 13 Wis. 611; 33 Wis. 445.)

It is claimed that it is only money paid by a purchaser at the original offer and sale by the county treasurer at the pub-

25—22 KAS.

lic statutory sale which can be recovered. The decision in *Sapp v. Comm'rs of Brown Co.*, 20 Kas. 243, is, we think, entirely misapprehended, when counsel cite it in support of such a proposition. That case has not the least application here. Section 120 provides, "if, after any certificate shall have been granted upon such sale, the county clerk shall discover," etc. Where lands are bid off by the county treasurer, of course certificates are not "given to purchasers at tax sales." The § 91 referred to expressly prohibits the issuance of such certificates, but it as expressly provides for the future issuing of a certificate, and its assignment by the county clerk. Nor can it be seriously contended that such certificate is not granted upon a tax sale. Not *at* but *upon* such sale, is the language of the statute — purposely so expressed as to include all certificates issued in consequence of the sale, whether to an original purchaser at the sale, or subsequently to one taking an assignment from the county.

There is a slight difference between § 120, ch. 107, Gen. Stat. 1868, and § 145, ch. 34, Laws 1876, in that the latter section authorizes the county treasurer to refund the amount, on the return of the tax certificate "with the refusal of the county clerk indorsed thereon," while the former makes no mention of such indorsement. This, however, is not material in this case. The amended section did not take effect until May, 1876, and in 1875 is the time when the county clerk and treasurer discovered that the lands should not be conveyed, and when the treasurer was requested to refund the money. The indorsement of the county clerk's refusal is for the information of the treasurer, and is not such a requirement as cannot be omitted. In this case, the treasurer had full knowledge of all the facts connected with the clerk's actions and his refusal to convey, so that, even if the act of 1876 is applicable here, a failure to allege or prove such indorsement can work no injustice; and especially is its observance unimportant, when it appears that the refusal to refund was not based upon such omission, and the treasurer's action not in the least influenced thereby.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced, prosecuted and disposed of in the trial court upon the right of the purchaser of the tax certificate, the defendant in error, to recover from the county of Saline the money paid by virtue of the provisions of § 120, ch. 107, p. 1058, Gen. Stat. This is clearly shown by the allowance of interest at the rate of ten per cent. per annum, and the statement of counsel for defendant in error, that his client had fully brought himself within the provisions of said section. In this view of the case, the court committed error in overruling the demurrer to the petition. The law provides that when the land named in a certificate of sale ought not to be conveyed for any error or irregularity, the county treasurer shall, on the return of the tax certificate, refund out of the county treasury the amount paid therefor on such sale, and all subsequent taxes and charges paid by the purchaser or his assigns. In this action, the county treasurer is not a party, and there is no allegation in the petition showing any wrongful action or conduct of the commissioners in the matter. It is not alleged that the county treasurer was unable to refund the money paid because of a want of funds in his hands, or that he had paid this money out on the orders of the county commissioners, or that the commissioners had in any way, by order or otherwise, interfered to prevent him from refunding the several amounts paid. Primarily, it is the duty of the treasurer to return the moneys to the holders of the tax certificates, where the errors or irregularities are discovered before the conveyance of the land; and if such treasurer has funds in his hands for this purpose, this duty may be enforced, and an action for damages can be maintained against him for his refusal to comply with the law. In order, therefore, that a petition shall state facts sufficient to constitute a cause of action against a board of commissioners of a county for the recovery of such moneys and interest, in behalf of the owners of tax certificates, under this section, it must allege,

either a want of funds in the hands of the treasurer or some valid reason for his inability to respond to the demand on him, or some action on the part of the commissioners by way of order or other interference, whereby the holder of the tax certificate is delayed of or denied his right to have his money returned. For these reasons, the petition in this case is fatally defective.

Other errors are manifest in the record—particularly the refusal of the court to compel the plaintiff to state the time when he offered to return his tax certificates to the county treasurer, and in striking from the answer the allegation that the county treasurer had sufficient funds to pay the claims. But it is unnecessary to comment on these matters now, as the disposition which the district court will be directed to make of the demurrer to the petition, will either finally dispose of the case in that court, or necessitate the filing of an amended petition, containing other and different allegations. "Sufficient unto the day is the evil thereof."

The pleadings filed subsequently to the demurrer, after the eliminations made by the court, supply none of the omissions in the petition. These pleadings however may be withdrawn, and the demurrer filed to the petition sustained. Leave can then be granted for such amendments to the petition as the defendant in error shall deem necessary and proper, within the doctrine herein announced.

The judgment of the district court will be reversed, with the direction to sustain the demurrer of the defendant below to the petition of the plaintiff in that court.

All the Justices concurring.