CHARLES I. RICHARDS v. THE BOARD OF COMMISSIONERS OF WYANDOTTE COUNTY.

ACTION FOR RECOVERY OF TAXES, *Barred.* In the year 1869, taxes were levied upon certain land in Wyandotte county, and in 1870 the same was sold for such taxes, the plaintiff being the purchaser. Afterward the plaintiff paid the taxes assessed against this land for the years 1870, 1871 and 1872. During the years 1869, 1870, 1871 and 1872, the land was "Indian land," and not subject to taxation, and hence the taxes levied upon it were illegal and void. In 1875, it was discovered by the county clerk, the county treasurer, the county commissioners and the plaintiff, that the taxes were illegal, but both the county treasurer and the county commissioners refused to refund the same to the plaintiff; and hence an action accrued in favor of the plaintiff and against the treasurer and board of county commissioners for the amount of the taxes paid by him, with interest thereon. (Comp. Laws of 1879, p. 1058, ¿ 120.) The plaintiff commenced this action against the board of county com-

missioners and the treasurer on February 28, 1880. *Held,* That the action was barred, as against the board of county commissioners, by the statute of limitations, at the time the action was commenced; and if not barred by the two-years statute· of limitations, (Comp. Laws of 1879, p. 281, § 47,) then *it was barred by the three-years statute of limitations,* (Civil Code, § 18, subd. 2;) that the action is one founded "upon a liability created by statute, other than a forfeiture or penalty;" and, so far as the county commissioners are concerned, it is not "an action upon any agreement, contract, or promise in writing."

### *Error from Wyandotte District Court.*

ACTION brought by *Richards* against the *Board of Commissioners of Wyandotte County* and the treasurer of that county, to recover certain taxes. Trial by the court, at the April Term, 1881, and judgment for the defendants. The plaintiff brings the case here. The opinion states the facts.

*J. C. Douglass,* and *D. B. Hadley,* for plaintiff in error.

*J. S. Gibson,* county attorney, and *H. L. Alden,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by Charles I. Richards against the board of county commissioners of Wyandotte county and E. S. W. Drought, treasurer of said county, to recover an amount of money alleged to be due to the plaintiff on six certain tax-sale certificates, set out in his petition, for the reason, as he alleges, that at the time of the assessment of the taxes upon the lands described in the certificates, the lands were "Indian lands," and not subject to taxation, and ought not to have been assessed or taxed, or ·sold for such taxes. The assessment under which these certificates were issued was for the year 1869, and the sale was had in May, 1870. The plaintiff afterward paid the taxes assessed on these lands for the years 1870, 1871 and 1872, which amounts so paid he now seeks to. recover from the ·county, with interest thereon at the rate of ten per cent. per annum. The action was commenced on February 28, 1880. The defendant Drought demurred to the plaintiff's petition,

for the reason that the same did not state facts sufficient to constitute a cause of action against him and in favor of the plaintiff, which demurrer was sustained; and the plaintiff not taking leave to amend his petition, the action was then dismissed as to Drought, and was proceeded with only as against the board of county commissioners. The board answered, setting up: (1) A general denial; (2) the two-years statute of limitations; (3) the three-years statute of limitations; (4) the five-years statute of limitations; and (5) that a certain judgment was fraudulently obtained. The plaintiff replied to this answer by filing a general denial. The case was tried before the court without a jury.

After the plaintiff closed his evidence and rested, the defendant interposed a demurrer to the evidence, upon the ground that no cause of action had been proved in favor of the plaintiff and against the defendant, which demurrer was sustained, and judgment rendered accordingly in favor of the defendant and against the plaintiff; and the plaintiff duly excepted. The plaintiff then moved for a new trial, which motion was overruled, and the plaintiff again excepted.

The court below, in deciding the case upon the demurrer to the evidence, rendered the following decision:

"The only question for decision under the demurrer raised here is, whether the plaintiff under the pleadings and evidence has established a cause of action against the defendant. Of course if he has not, and the evidence shows it, the demurrer should be sustained. The decision of that question depends altogether, I may say, upon the question as to what portion of § 18 applies to this case. If this is an action upon an agreement, contract, or promise in writing, then the five-years statute applies, and five years may intervene between the accruing of the cause of action and the commencement of the suit. If the second subdivision of the same section applies, then three years only may intervene between the accruing of the cause of action and its commencement, or the action cannot be maintained. The first inquiry is, which one of these subdivisions applies here? Subdivision 1st says: 'Within five years: an action upon any agreement, contract or promise in writing.' Subdivision 2d says: 'Within three years:

an action upon contract not in writing, express or implied; an action upon a liability created by statute other than a forfeiture or penalty.' These are the two subdivisions. Now I do not think this is an action upon a written contract. I do not think the action is based upon or brought upon this tax-sale certificate itself, because there is no promise anywhere in this certificate which would compel the county commissioners to repay this money. But I think this action is based upon a liability created by statute, and that it grows out of this written contract. It is not based upon the contract or instrument itself. It only obligates the county authorities, through the county clerk, to execute a deed to the purchaser in case there is no redemption within a certain time. I have not read it, but I presume of course it is a statutory certificate. It nowhere obligates the county to refund the money in case the taxes are illegal. So it is not an action founded upon a written contract, but it is in fact founded upon a statutory liability. Take away or repeal this law which makes the county liable to refund the taxes, and there would be no remedy whatever. There is no common-law liability in this case. In addition to that reason is the other reason, that you cannot conceive of a civil remedy that does not grow out of either contract or tórt. If you restrict the second subdivision to cases outside of those based upon contract, the liability must be one created by statute, no matter whether under contract or tort. Therefore, I think the three-years statute of limitations applies. The evidence shows the demand was made in October, 1875; and I am inclined to think this money paid by the purchaser is to be regarded in the character of a trust fund, and is held by the county in trust for the person who buys the land. In that view, the statute of limitations commences to run whenever there is some disclaimer of the trust. The county is trustee, and the person buying the land is *cestui que trust*, and whenever he discovers that the certificates are illegal his right of action commences at that time. I am very much inclined to think that discovery by the county officers does not commence to set the statute of limitations running; in other words, it commences whenever the person buying the land discovers as a fact that the certificates are illegal, and he has a right then to demand the refunding of the money, and his right of action then accrues for its recovery. Taking that view, it seems to me that this demurrer should be sustained. The demurrer is therefore sustained,

and the judgment rendered in favor of defendant for costs of suit."

To which judgment and ruling of the court plaintiff then and there duly excepted.

The statute of limitations pleaded by the defendant reads as follows:

"SEC. 18. Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterward: First, within five years, an action upon any agreement, contract or promise in writing; second, within three years, an action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty." (Comp. Laws of 1879, p. 603.)

"SEC. 47. No account against the county shall be allowed unless presented within two years after the same accrued; provided, that if any person having a claim against a county be, at the time the same accrues, under any legal disability, every such person shall be entitled to present the same within one year after such disability shall be removed." (Comp. Laws of 1879, p. 281.)

From 1868 up to 1876, the statutes provided among other things as follows:

"If after any [tax-sale] certificate shall have been granted upon such sale, [a sale of land for delinquent taxes,] the county clerk shall discover that for any error or irregularity such land ought not to be conveyed, he shall not convey the same; and the county treasurer shall, on the return of the tax certificate, refund the amount paid therefor on such sale, and all subsequent taxes and charges paid thereon by the purchaser or his assigns, out of the county treasury, with interest on the whole amount at the rate of ten per cent. per annum." (Gen. Stat. of 1868, p. 1058, § 120.)

In 1876 this statute was amended by reënacting the same with the following words, to wit, "with the refusal of the county clerk indorsed thereon," inserted between the words "certificate" and "refund," so that the statute should read: "and the county treasurer shall, on the return of the tax certificate *with the refusal of the county clerk indorsed thereon,* refund the amount paid therefor," etc. (Laws of 1876, p. 96, § 145.)

In 1879 this statute was so amended as to read as follows:

"If after any certificate shall have been granted upon any sale, the board of county commissioners shall discover that for any error or irregularity such land or lots ought not to be conveyed, they may order the county clerk not to convey the same; and the county treasurer shall, on the return of the tax certificate with a certified copy of such order of the board of county commissioners, refund the amount paid therefor on such sale, and such of the subsequent taxes and charges paid thereon by the purchaser or his assigns, as may be so ordered by the board of county commissioners, out of the county treasury, with interest on the amount so ordered refunded at the rate of ten per cent. per annum," etc. (Comp. Laws of 1879, p. 968, § 145.)

This statute last referred to also attempted to make the amendment apply to all tax-sale certificates, whether issued prior or subsequent to the passage of the statute. The amendment, however, cannot be held to affect materially any of the substantial rights of persons holding tax-sale certificates issued prior to its adoption. (*Morgan v. Comm'rs of Miami Co.*, 27 Kas. 89.)

It is not within the scope of legislative power to disturb vested rights by an amendment, or by a repeal of any existing statute. But in the present case we do not think it is necessary to decide whether any portion of the amendment last referred to is valid or not. For the purposes of this case, we think we may treat the entire amendment as valid or invalid without materially affecting the decision to be rendered. In either case we think the same result must be reached. As before stated, the taxes which the plaintiff paid and which he now wishes to recover, were the taxes levied upon the lands for the years 1869, 1870, 1871, and 1872. These lands during all those years were Indian lands, and not subject to taxation. The state of Kansas had no jurisdiction over them for the purposes of taxation, and hence the taxes levied upon them were absolutely void. It was not discovered, however, that these taxes were void, until 1875, when, according to the evidence and findings of the court, their invalidity was discovered and the plaintiff made a de-

mand for their repayment to him. As soon as the invalidity of the taxes was discovered and a demand made upon the county treasurer for their payment, then a cause of action accrued in favor of the plaintiff and against the treasurer for their payment, unless there were no funds in the county treasury from which they could be paid. If there were funds in the county treasury from which the taxes could be paid, then the cause of action accrued against the county treasurer, and against the county treasurer only, and no cause of action accrued against the board of county commissioners. This follows from the provisions of § 120 of the tax law of 1868, as above quoted, which was in force, as we have already stated, from 1868 up to 1876. If the board of county commissioners provided funds for the refunding of all such taxes, and did not interfere by direction or otherwise with the county treasurer so as to prevent him from using such funds in the repayment of such taxes, then no cause of action did or could accrue against the board of county commissioners; for they had not been and could not be guilty of any wrong or neglect, (*Comm'rs of Saline Co. v. Geis*, 22 Kas. 381;) and if no cause of action accrued against the board of county commissioners, of course no statute of limitations could run or commence to run in its favor. If however in any case the board of county commissioners should interfere in any manner so as to prevent the payment, *by the county treasurer*, of the illegal taxes to the holder of the tax-sale certificate, then a cause of action would accrue in favor of the holder of the tax-sale certificate and against the board of county commissioners; and in that case the statute of limitations would commence to run in favor of the board of county commissioners; and probably this would be the two-years statute of limitations as embodied in § 47 of the act relating to counties and county officers, which we have quoted above. (Comp. Laws 1879, p. 281.)

The case of the *Comm'rs of Saline Co. v. Young*, 18 Kas. 440, can have no application to this case. In that case the plaintiff made a mistake in suing the commissioners and in not suing the treasurer. In that case, as the law then stood,

(§ 120 of the tax law of 1868,) the commissioners had done nothing to make them liable, and were not liable at all, (22 Kas. 381;) but they did not raise that question in that case, and therefore the question was not decided. The only questions which they did raise, were: (1) Whether the question of the invalidity of the taxes was a question of law or of fact; the board in that case claiming that it was one of law, and that the plaintiff and the officers must be deemed to have discovered such invalidity at the time of the sale, and to have discovered the same at that time within the meaning of said § 120 of the tax law of 1868, whether in fact they did discover it or not; and that therefore the cause of action necessarily accrued as soon as the tax-sale certificates were issued; and therefore that more than two years, and more than three years, and indeed more than five years, had elapsed after the discovery of such invalidity and before the plaintiff commenced his action; and therefore, (2) that the action was certainly barred by the two, three and five-years statutes of limitations. The defendants did not raise the question that the plaintiff had made a mistake in suing the board of county commissioners, instead of suing the county treasurer, but simply raised the questions above mentioned; and therefore the court in that case simply decided the questions raised. The defendants seemed to have waived the mistake made as to the parties defendant, and seemed to desire only that the questions as to whether the claim as a claim was barred or not by some one or more of the statutes of limitations, should be decided. The court in that case simply decided that the question whether the taxes were invalid or not, was a question of fact, and not one of law; and also decided that the plaintiff's claim was not barred by any statute of limitations. If the court had gone on further, it would have decided that no cause of action had ever in fact accrued against the board of county commissioners, but only against the county treasurer; and therefore that no cause of action against the county commissioners had ever in fact or in law been barred. The plaintiff's cause of action in that case had not been barred as to

any party — neither as to the board of county commissioners nor the county treasurer. Certainly no statute of limitations had ever run against the plaintiff's claim as a claim.

For the purposes of the present case, and under the evidence and findings of the court below, it must be held that a cause of action accrued, not only against the county treasurer, as in the case of *Saline Co. v. Young*, but also accrued against the board of county commissioners, which was not the case in the Saline county case; and that the same accrued in the year 1875; and therefore as the action was not commenced until February 28, 1880, the cause of action was barred as against the board of county commissioners, probably by the said two-years statute of limitations, and certainly by the three-years statute of limitations, as pleaded by the defendant. The action, as we think, is "an action upon a liability created by statute, other than a forfeiture or penalty." Possibly in one sense it is also an action upon contract; but in no such sense, as we think, as is contemplated by the five-years statute of limitations. It is not an action to specifically enforce a contract; it is not an action to recover or enforce what the contract provides for; and it is really not an action to recover damages for the breach of any contract. The county commissioners are not parties to the contract; they are not mentioned in the contract; and it is not contemplated by the terms of the contract that they should do or perform, or refrain from doing or performing, anything under it; and they did not violate any of the terms of the contract by failing or refusing to refund the taxes paid by the plaintiff. They are simply liable, if liable at all, because they interfered, by failure to furnish funds, or by direction, or otherwise, to prevent the county treasurer from refunding such taxes, as he is required to do by the statute. The remedy to recover the taxes is simply a statutory remedy, a remedy wholly created by the statute; and except for the statute there would be no liability on the part of the county treasurer, or on the part of the board of county commissioners, or on the part of anyone else. It cannot be claimed that

the board is liable to pay these taxes because it ever *made* "any agreement, contract, or promise in writing," or *even in parol*, to pay the same; nor can it be claimed that the board should· pay such taxes as damages accruing on account of some *failure* on the part of the board to perform some "agreement, contract, or promise in writing" made by the board. The tax-sale certificate upon which the plaintiff sues, and which he must necessarily claim under the statute to be an "agreement, contract, or promise in writing" between himself and the county board in order to take the case out of the three-years statute of limitations, is simply a *certificate* issued by the *treasurer* of the county, showing that the plaintiff purchased certain lands for taxes at a certain tax sale, and that he would be entitled to a tax deed, executed by the *county clerk*, after the lapse of a certain period of time after the tax sale. The county board has nothing to do with the tax-sale certificate, or with any other instrument connected with the tax sale. And in the tax proceedings, the taxes, for the payment of which the lands are sold and the tax-sale certificates issued, are not merely county taxes, but they are all kinds of taxes — state taxes, county taxes, city taxes, township taxes and school-district taxes; and the county treasurer in selling the land for such taxes, and in issuing the tax-sale certificates, does not act merely as the agent of the county, but he acts as the agent of the public generally. And the same may be said of the county clerk in executing the tax deed: he acts as the agent of the entire public, and not merely as the agent of the county; and neither the county treasurer nor the county clerk acts for the county as a corporate entity. The board of county commissioners alone acts for the county in its corporate capacity; and such board never makes any contract with the tax-sale purchaser, in writing or otherwise, but its liability springs purely and solely from the statute. Indeed the liability of the county board does not spring immediately and directly even from the statute, but only indirectly; and we are now speaking of the statutes as they existed when the present cause of action arose. The

tax-sale certificates in the present case were issued in 1870, and in 1875 it was discovered that the taxes were illegal and void, because the property taxed had never been subject to taxation. At that time the statute provided that if the county clerk should discover the illegality of the taxes, that the county treasurer should refund the taxes with interest to the holder of the tax-sale certificate; and there was no statute in terms making the commissioners liable for the payment of any such taxes under any circumstances. Their liability could only grow out of some wrong or neglect on their part in connection with the statute. Neither the tax-sale certificate nor the discovery of the illegality of the taxes, nor the statute then in force, nor all combined, could make the board liable. (*Comm'rs of Saline Co. v. Geis*, 22 Kas. 381.) It still required something more to make it liable. As before stated, it required some wrongful act on its part, or some failure to perform some duty imposed upon it by law; and any cause of action commenced against the commissioners must be founded upon such wrongful act, or upon such failure to perform some duty. And it cannot be said that an action founded exclusively upon some wrongful act, or upon some failure to perform some duty imposed by law, is an action founded upon an "agreement, contract, or promise in writing." We think the action, if not barred by the two-years statute of limitations, is barred by the three-years statute of limitations; and hence the judgment of the court below will be affirmed.

All the Justices concurring.