FLINT v. COUNTY COM'RS REPUBLIC CO.

(*Circuit Court, D. Kansas.* 1886.

1. TAXATION—VOID SALES—ACTION TO RECOVER MONEY PAID—PLEADINGS.
   Under Kansas tax laws of 1868, § 120, a party seeking to recover from the county money paid at tax sales, the tax title having failed, must show return of tax certificates, or an offer to return them, before suit brought.

2. SAME—LIABILITY OF COUNTIES—RETURN OF CERTIFICATES.
   Counties are entitled to the actual return and surrender of certificates issued at illegal tax sales, before being called upon to refund money paid them on such sales.

Action by holder of tax certificates to recover purchase money on failure of tax title, land not having been liable to taxation at time of sale. Defendants demur.

*F. M. Clark,* for plaintiff.

*T. M. Noble,* for defendants.

BREWER, J. The demurrer must be sustained. The defendant is under no obligation to return taxes upon failure of tax titles, except

as some statute requires it. *Commissioners Lyon Co.* v. *Goddard,* 22 Kan. 389. Before the county can be held liable, default on the part of the treasurer must be alleged, or some interference with him by the commissioners. *Commissioners Saline Co.* v. *Geis,* 22 Kan. 381. The plaintiff must rely on section 120 of the tax laws of 1868, for without that the statute of limitations would plainly bar. This provides that if the county clerk discovers that the land ought not to be conveyed, he shall not convey it; and also that the county treasurer shall, on the return of the tax certificate, refund the tax money. This petition does not allege when, if ever, the county clerk discovered that the land ought not to be conveyed, or that the tax certificate was ever returned, or offered to be returned. Whether the first matter is a fatal defect need not be determined. The second is vital. Perhaps the failure to return was one of the reasons why the treasurer refused to pay, and the commissioners to make any provision for payment. The lack of funds is not shown to be the only reason for refusal. Only inferentially does it appear that any demand was ever made on the treasurer; the demand is alleged to have been made upon the county.

Leave is given to file an amended petition, with leave to answer.