WILLIAM E. RORK, *by his next friend, W. S. Warner*, v.
THE BOARD OF COMMISSIONERS OF DOUGLAS CO. *et al.*

1. TAX-SALE CERTIFICATE, *Erroneous — No Deed, When.* Where a person holding a tax-sale certificate presents the same in proper time to the board of county commissioners of the county where it is issued, and asks for the refunding (payment back of the taxes, interest, etc.) of such certificate, and the certificate is so erroneous or irregular that the land or lot therein described ought not to be conveyed, the board should discover the errors or irregularities, and order the county clerk not to convey the land or lot. (Gen. Stat. of 1889, ¶6999.)

2. ———— *Refunding Taxes Paid.* Paragraph 6999, Gen. Stat. of 1889, does not affect materially any of the substantial rights of persons holding tax certificates issued prior to its adoption. The amendment simply gives new direction for the return of the money to the holder of erroneous or irregular tax-sale certificates.

3. ———— *Statute of Limitations.* A person cannot prevent the operation of the statute of limitations by delay in taking preliminary action incumbent upon him. (*Railroad Co. v. Burlingame Township*, 36 Kas. 628.)

4. ———— *Running of Statute—Bar, When.* Where the owner of tax certificates, which are so erroneous or irregular upon their face as to be absolutely void, or where the tax proceedings in the public offices of the county show clearly that the tax certificates, on account of fatal errors or irregularities in the tax proceedings, are wholly void, the purchaser thereof, in order to refund the same (obtain a return of his taxes, interest, etc.) must present them to the board of county commissioners within three years after the date of their issue.

*Error from Douglas District Court.*

On October 6, 1879, *William E. Rork* filed with the *Board of County Commissioners of Douglas County* his bill for the refunding of certain tax-sale certificates. On July 1, 1880, he filed an amended bill of particulars, covering 30 items of claim. On November 3, 1880, the matter came up for hearing before the board of county commissioners, and the same was denied and rejected. Thereupon *Rork* appealed to the district court of Douglas county, and on December 1, 1880, filed his appeal bond. The condition of his appeal bond was as follows:

"That whereas, William E. Rork, minor son and heir at law of Carrie L. Rork, deceased, by his next friend, W. S. Warner, has appealed from the decision of the board of county commissioners of the county of Douglas, made by said board on the 3d day of November, 1880, in the matter of certain items of his claim filed in the clerk's office of said county on October 6, 1879, specifically set out in his application filed in said office on July 1, 1880, to the district court of said county: Now, if the said William E. Rork aforesaid, by his next friend aforesaid, shall prosecute faithfully his appeal, and pay all costs that may be adjudged against him, then the above obligation shall be void; else to remain in full force and virtue."

At the April term of the district court for 1881, upon the application of *Rork*, G. W. Spaulding, administrator of the estate of Carrie L. Rork, deceased, was made a party defendant. On the 24th day of March, 1882, *Rork* filed an amended petition, in which he alleged, among other things —

"That he is the sole heir at law of Carrie L. Rork, deceased, and that Carrie L. Rork was in her life-time the owner of certain tax-sale certificates issued by the county treasurer of Douglas county to her and to her assignors, as purchasers of certain real estate, at tax sales for delinquent taxes, as hereinafter particularly enumerated and set forth; and for his several causes of action he says: [Here are set forth the various defects in said 30 tax-sale certificates.] And the said plaintiff alleges that the said G. W. Spaulding is the administrator of the estate of the said Carrie L. Rork, deceased, duly appointed by the county court of Outagamie county, in the state of Wisconsin, and qualified according to law, and the said G. W. Spaulding, as such administrator, has or claims some interest in the several tax-sale certificates, and the said plaintiff asks that he shall show his interest in or claim to the same or any part thereof.

"Wherefore your petitioner prays this honorable court to order the county clerk of said county not to convey the several tracts and parcels of land hereinbefore described, (because of the alleged errors and irregularities set out,) under and by virtue of any of the sales respectively hereinbefore set out; and for such other and further order and relief in the premises as may be necessary to enable your petitioner to have refunded to him by the county treasurer of said county of Douglas the several amounts and sums of money hereinbefore mentioned, with interest as provided by law in such cases. And your petitioner will ever pray."

On September 13, 1882, the board of county commissioners filed an answer to the amended petition containing a general denial. On September 13, 1882, G. W. Spaulding, administrator of the estate of Carrie L. Rork, deceased, filed an answer in the nature of a disclaimer. Trial had at the October term of the court for 1882, before the court, a jury being waived. Evidence was offered tending to show that —

"1. The tax sales were illegal and void, for there was included in each of the certificates a charge for advertising in

excess of the fee paid by the county therefor. This ground applied to all of the 30 causes of action.

"2. Certain of the parcels of land had been previously sold to the county, for unpaid taxes and charges assessed thereto, and had not been redeemed from such prior tax sales, nor sold by the county, nor had the tax sale certificates issuable to the county been assigned prior to the time the refunding was applied for. This ground applied to the causes of action from 1 to 15, inclusive.

"3. Certain of the parcels of land were not described on the tax-roll, nor on the tax-sale record, nor in the tax-sale certificates with sufficient particularity to define what was sold or intended to be sold at the tax sales under which the refunding was applied for. This ground applied to the causes of action from 16 to 30, inclusive."

After the evidence had all been produced, the cause was continued for argument from time to time until the April term of the court for 1884. On the 18th day of July, 1884, the court made a general finding in favor of the board of county commissioners, and entered judgment that plaintiff pay all the costs, taxed at $19.90. Subsequently the plaintiff filed a motion for a new trial, which was overruled. The plaintiff excepted, and brings the case here.

*Owen A. Bassett,* for plaintiff in error.

*J. W. Green,* for defendant in error County Board.

The opinion of the court was delivered by

HORTON, C. J.: It is contended upon the part of the defendants, first, that the petition of plaintiff filed in the court below does not state a cause of action in his favor against the board of county commissioners of Douglas county; second, that if plaintiff ever had a cause of action against the board of county commissioners, it is barred by the statute of limitations. The amended petition of plaintiff contains 30 causes of action. They are all of the same general tenor. They allege, first, ownership of certificates; second, a sale of lands by the county treasurer of Douglas county and issue of tax-sale certificates to purchaser; third, the illegality of the tax-sale certificates,

and the facts showing why the tax sales were illegal, to wit, imperfect descriptions of land, illegal charges for advertising the land, and certificates outstanding in the county at the time of the sales.    The petition closes as follows: ·

"Wherefore your petitioner prays this honorable court to order the county clerk of said county not to convey the several tracts and parcels of land hereinbefore described, (because of the alleged errors and irregularities set out,) under and by virtue of any of the sales respectively hereinbefore set out; and for such other and further order and relief in the premises as may be necessary to enable your petitioner to have refunded to him by the county treasurer of said county of Douglas the several amounts and sums of money hereinbefore mentioned, with interest as provided by law in such cases."

The tax-sale certificates described in the petition were signed and issued by the county treasurer of Douglas county in 1870, 1871, 1872, 1873, and 1874.    The statutes relating to refunding the amount paid upon tax-sale certificates, when errors or· irregularities are discovered, so that the land sold at the tax-sales ought not to be conveyed, are as follows: Gen. Stat. of 1868, ch. 107, § 120, p. 1058; Laws of 1876, ch. 34, § 145, p. 96; Gen. Stat. of 1889, ch. 107, § 145, p. 2137.    A careful comparison of these statutes will aid in determining the questions involved:

"SEC. 120.    .   .   .    And if, after any certificate shall be granted upon such sale, the county clerk shall discover that, for any error or irregularity such land ought not to be conveyed, he shall not convey the same; and the county treasurer shall, on the return of the tax certificate, refund the amount paid therefor on such sale, and all subsequent taxes and charges paid thereon by the purchaser or his assigns, out of the county treasury, with interest on the whole amount at the rate of 10 per cent. per annum. (Gen. Stat. of 1868, p. 1058.)

"SEC. 145.    .   .   .    And if, after any certificate shall have been granted upon any sale, the county clerk shall discover that, for any error or irregularity such land ought not to be conveyed, he shall not convey the same; and the county treasurer shall, on the return of the tax certificate with the refusal of the county clerk endorsed thereon, refund the amount paid therefor on such sale, and all subsequent taxes and charges

paid thereon by the purchaser or his assigns, out of the county treasury, with interest on the whole amount at the rate of 10 per cent. per annum. (Laws of 1876, p. 96.)

SEC. 145. . . . And if, after any certificate shall have been granted upon any sale, the board of county commissioners shall discover that, for any error or irregularity, such lands or lots ought not to be conveyed, they may order the county clerk not to convey the same, and the county treasurer shall, on the return of the tax certificate, with a certified copy of such order of the board of county commissioners, refund the amount paid therefor on such sale, and such of the subsequent taxes and charges paid thereon by the purchaser, or his assigns, as may be so ordered by the board of county commissioners, out of the county treasury, with interest on the amount so ordered refunded at the rate of 10 per cent. per annum. . . . (Gen. Stat. of 1889, ¶ 6999.)

It is claimed upon the part of the defendants that the plaintiff's petition is insufficient, because the tax certificates can only be refunded under the provisions of the statute in force at the time of the tax sales. This is the statute of 1868. This claim is answered adversely by the decisions of *Comm'rs of Lyon Co. v. Goddard*, 22 Kas. 389, and *Comm'rs of Lincoln Co. v. Faulkner*, 27 id. 164. The amendments to

2. Amended stat- the statute of 1868 by the statutes of 1876 and ute; effect. 1889 do not "affect any right which accrued under any prior statute, but simply give new direction for the return of the money."

We think, if fatal errors or irregularities actually exist, so that the land or lot described in a tax-sale certificate ought

1. No tax deed, not to be conveyed, and the certificate is presented when. in proper time, that it is the duty of the board of county commissioners to discover them, when its attention is especially called thereto, and that it has not the option to purposely refuse to discover such fatal errors or irregularities. (*Comm'rs of Lyon Co. v. Goddard*, supra.)

The contention that the claim or claims of the plaintiff were barred by the statute of limitations is of much force. If not barred by the two-years' statute of limitations, (¶ 1676, Gen. Stat. of 1889,) then they were barred by the three-years' stat-

ute of limitatons. (Civil Code, §18, subdiv. 2; *Richards v. Comm'rs of Wyandotte Co.*, 28 Kas. 326.) The record shows that this action was commenced on October 6, 1879, and all of the tax-sale certificates were issued more than five years prior to that date. In *Comm'rs of Lyon Co. v. Goddard*, supra, it is said that—

"A purchaser at a tax sale is a mere volunteer in the payment of the tax. Buying, as he does, property from a person who is not the owner, such party comes strictly and rigidly within the rule of *caveat emptor*. He has the same means of knowing whether the proceedings relating to the assessment of the taxes, the tax sale and the issuance of the certificate are valid or not as the county has, and he is bound to inquire whether the officers have authority to make the sale. As all the proceedings are matters of record, it is not only prudent for such a purchaser to examine into the matter for his own safety, but if he fails to inform himself of the authority of the officers he does so at his own risk, excepting that he may have his money refunded where the statute expressly makes such a provision, if he pursues the remedy pointed out. The officers of a county can only act in accordance with positive law; and neither the board of commissioners nor the county treasurer can refund any moneys upon the failure of tax titles, except as some statute requires it."

In *Sullivan v. Davis*, 29 Kas. 28, it is said:

"Except as limited and qualified by express statutory provisions, the rule of *caveat emptor* applies to all purchases at tax sales, and if the public has nothing to sell, the purchaser gets nothing. So, also, the risk of all mistakes is with the tax purchaser."

It was decided in *Railroad Co. v. Burlingame Township*, 36 Kas. 628, "that a person cannot prevent the operation of the statute of limitations by delay in taking action incumbent upon him." It was also said in that case, that "to permit a long and indefinite postponement would tend to defeat the purpose of the statutes of limitation, which are statutes of repose, founded on sound policy, and which should be so construed as to advance the policy they were designed to promote." If the plaintiff could delay

3. Statute of limitations.

the presentation of his certificates to the board of county commissioners for five years, then he could delay for 10, 15, or any indefinite period of time.   He should have presented his tax certificates to the board of county commissioners " for refunding" (for the return of his taxes, interest, etc.) before the expiration of three years after their issue.   This he failed to do; and he also failed to allege any reason or excuse for his delay.

4. Running of statute; bar, when.

In the case of *Comm'rs of Saline Co. v. Young*, 18 Kas. 440, the "error or irregularity" actually "discovered" by the county clerk was probably and presumably one of fact.   It consisted in supposing that the land did not belong to the United States, and that it was taxable, while in fact the land did belong to the United States, and was not taxable.   Such an "error or irregularity" is a mistake of fact.   In that case, unlike this, the errors or irregularities in the tax certificates were not matters of record in the offices of the county clerk or county treasurer; and in that case, until the owner of the tax certificate had ascertained that the land belonged to the United States when it was taxed, he did not know and could not have known of any error or irregularity to be discovered. In this case the fatal defects in the tax certificates were known, or ought to have been known, by the owner of the same, for more than five years before he took any preliminary or other steps to obtain a return of his taxes, interest, etc.

In *Richards v. Comm'r's of Wyandotte Co.*, supra, it was necessary for the party to determine whether the Indian title to the lands had been extinguished — a matter which he could not ascertain from the public records of the county, or from any records within his control.   The liability of the county to refund the taxes is a statutory liability, and, in order that it shall be liable, the plaintiff was bound to take some action within a reasonable time, and he should have acted more promptly.   Before the county could be made liable, the certificates must have been presented, and some act on its part committed, or some failure to perform some act imposed by law.   But the plaintiff failed to act promptly, or in any

reasonable time. (*A. T. & S. F. Rld. Co. v. Burlingame Township,* supra; Civil Code, §18, subdiv.2; Comp. Laws of 1879, ch. 107, §138; Gen. Stat. of 1889, ¶6991.)

The judgment of the district court will be affirmed.

All the Justices concurring.