JARVIS-CONKLIN MORTGAGE TRUST COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF GRAY COUNTY.

**No. 182.**

TAXATION—*Statute of Limitations—Erroneous Tax Certificates.*
Where tax certificates are so erroneous or irregular on their face as to be absolutely void, or where the tax proceedings in the public offices show clearly that the tax certificates, on account of fatal errors or irregularities in the tax proceedings, are void, in order to obtain a return of the taxes, interest, etc., the purchaser of such certificates must present them to the board of county commissioners within three years after the date of their issuance; but where such certificates are so presented and payment is refused within the time stated, the right to recover thereon is not barred where the action therefor was commenced less than four years after the date of such certificates.

Error from Gray district court; A. J. ABBOTT, judge. Opinion filed February 1, 1898.   Reversed.

*Beardsley & Gregory*, and *H. F. Mason*, for plaintiff in error.

*Harry Brice*, county attorney, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : By this action plaintiff in error, as plaintiff below, sought to obtain the "refunding" of seven tax-sale certificates which had been issued to it by the treasurer of Gray county in September, 1888. It was alleged that the commissioners of Ford county, from which Gray county had been very recently detached, in the year 1887 made a tax levy under which plaintiff's certificates were issued, upon the failure of the commissioners of Gray county to make a levy. It was further alleged that plaintiff was unaware of the invalidity of the tax proceedings at the time of the purchase of the certificates; that at the April, 1891, meeting of the board of county commissioners of Gray county, plaintiff presented the tax certificates in question and demanded an order upon the county treasurer for the refunding thereof, which order was refused; that thereafter plaintiff presented the said certificates to the county treasurer and demanded repayment, which the treasurer, for the reason that he had no fund out of which to make such payment, refused to make.

The action of the commissioners was taken in July, 1891, and this suit was begun on October 6, 1891. The trial court overruled defendant's demurrer to the petition, and it thereupon filed an answer which contained neither a general nor a specific denial of the allegations of the petition, but averred substantially the following : That plaintiff's cause of action was barred by the two-years' statute of limitations; that it was

barred by the three-years' statute of limitations, and that plaintiff had full knowledge of the illegality of the tax-sale certificates at the time the same were purchased. An agreed statement of facts was then submitted to the court, and judgment was rendered in favor of defendant, and against plaintiff for costs. The. agreed statement of facts is as follows :

"That the board of county commissioners of Gray county failed to make a tax levy in the year 1887, and that the levy made by the commissioners of Ford county in that year was illegal and void, and had been adjudged illegal and void by the district court of Gray county in the latter part of the year 1890, and since then has been a matter of record in the office of the county clerk of said county.

"That the tax-sale certificates sued on in this action were issued by the county treasurer on September 4, 1888, in the amounts as shown in plaintiff's petition, which for the purpose of showing the amounts is made a part of this agreed statement of facts.

"That on the 25th day of April, 1891, plaintiff, by its attorney, presented said certificates to the board of .county commissioners of Gray county, and in July of said year 1891, at the next regular meeting of said board of county commissioners, said certificates were returned to plaintiff without action ; and the board of county commissioners stated, as a reason for their refusal to act, that they were desirous of placing the county on a cash basis ; that there were no funds with which to pay illegal certificates ; and that if they were placed in judgment a special levy could be made, avoiding the issue of county scrip."

The question for our consideration is this : Is plaintiff's action barred because not begun within three years from the date of the tax sale? Other matters are discussed in the brief of defendant in error, but in the state of the pleadings we think these questions do not properly arise. It is clear from the very brief

agreed statement of facts that the parties intended and understood that all of the allegations of the petition which were not denied by the answer should stand as facts proven or admitted, and for this reason we shall confine ourselves to the proposition already stated

In the case of *Comm'rs of Saline Co. v. Young*, 18 Kan. 440, the court was considering the statute of 1868 in regard to the refunding of money paid for tax-sale certificates which were afterwards discovered to be void. That law contained a provision to the effect that if the "county clerk shall discover that for any error or irregularity such land [the land sold at tax sale] ought not to be conveyed, he shall not convey the same; and the county treasurer shall, on the return of the tax certificate, refund the amount paid therefor on the sale." The court held that, under the statute quoted, the county commissioners had nothing to do with the plaintiff's claim for return of the money he had paid for the invalid tax certificate, and that the two-years' statute of limitations did not apply. It also decided that, "as soon as the invalidity of the taxes was discovered, and a demand made upon the county treasurer for their payment, then a cause of action accrued in favor of plaintiff and against the treasurer for their payment." The statute in force in 1888 contains the following provision respecting repayment where the tax certificate is discovered to be invalid:

"And if after any certificate shall have been granted upon any sale the board of county commissioners shall discover that for any error or irregularities such land or lots ought not to have been conveyed, they may order the county clerk not to convey the same, and the county treasurer shall, on the return of the tax certificate with a certified copy of such order of the board of county commissioners, refund the amount paid therefor on such sale," etc.

In *Richards v. County of Wyandotte*, 28 Kan. 326, the court said :

"As soon as the invalidity of the taxes was discovered and a demand made upon the county treasurer for their payment, then a cause of action accrued in favor of the plaintiff and against the treasurer for tneir payment."

This was under the statute of 1868. In the case of *Rork v. Comm'rs of Douglas Co.*, 46 Kan. 175, the court held that where tax certificates are so erroneous or irregular on their face as to be absolutely void, or where the tax proceedings in the public offices of the county show clearly that the tax certificates, on account of fatal errors or irregularities in the tax proceedings, are wholly void, in order to obtain a return of his taxes, interest, etc., the purchaser of such certificates must present them to the board of county commissioners within three years after the date of their issue.

Assuming that the fatal defects in these tax certificates were known or ought to have been known by plaintiff from the date of their issue, and regarding the agreed statement of facts as showing a due presentation of the same to the county commissioners, and such action on their part as amounted to a refusal to repay the plaintiff the amount due thereon, we hold, in the light of the foregoing, that a cause of action accrued in July, 1891, in favor of the plaintiff, and that its action was not barred by the three-years' statute of limitations.

The judgment of the district court is reversed, and the cause remanded with instructions to enter judgment in favor of plaintiff in accordance with the prayer of its petition.