Shaw C. J.
delivered the opinion of the Court. [1] | [After stating the facts.] The several questions arising upon this statement are
1. Whether the plaintiff was rightfully taxed for his poll and personal property in the city of Boston. If not,
2. Whether his only remedy was by appeal, as for an over-taxation.
3. Supposing him not liable, whether the amount was voluntarily paid, so that he must be considered as having submitted to the demand as to a claim of right on the part of the city, and is thereby precluded from reclaiming the sum paid ; or whether it must be considered as paid under compulsion and duress, so that if he was not liable to pay it, he may now recover it back as so much money received by the defendants to his use.
1. It seems now to be conceded, that upon general grounds the plaintiff was not liable to taxation in the city for his poll, income and personal property, for the year 1828, because his residence and domicile was not in the city. The circumstances, under which he lived, were such as to leave it doubtful whether his domicile was in Medford or Boston. He had formerly been an inhabitant of Boston ; he was not at the time keeping house at either place ; he was living at board, sometimes at Medford and sometimes at Boston. His principal residence had been in Medford, and he had been taxed there several years. In May 1828, he addressed a letter to *11 the assessors of Boston, indicating a desire to be taxed for his poll and personal estate in Boston. This must be considered as indicative of an intent to change his domicile back from Medford to Boston, and might afford a sufficient apology to the assessois of Boston for believing that he had in truth acted upon this intention, so that his legal domicile was in Boston when the tax was assessed.
But in fact it appears that he did not execute that his intent, that he remained in Medford, and was taxed there, and paid his tax there. It is not contested in the argument, that he was liable to be taxed in Medford, and that he rightfully paid the tax assessed on him there. As a person is not liable to a general tax for his poll and personal estate and income in two different towns in this Commonwealth the same year, the fact that he was liable in Medford, goes far to show, that he was not liable in Boston. Were it not for the express notice given by the plaintiff to the assessors of Boston, requesting them to assess a light tax on him _ there, there would seem to be no question left as to his liability. Is he liable in consequence of that request ? In general, the maxim volenti non Jit injuria, may be safely relied upon, and if a party requests to be taxed, there seems no great hardship in taxing him.
But we think it does not apply. Had the willingness continued to the time of actual payment, and that had been made voluntarily, the maxim would have had its effect. But where there is no legal liability, as where, for instance, an alien or citizen of another State should make such request, it would be no sufficient ground, upon which to levy a tax to be enforced by compulsory process. It could be no stronger, than a voluntary promise to pay money without legal liability or other good consideration, which upon plain principles of la w would pot be enforced by legal process.
But we think this letter does not show a request or willingness to pay a tax in Boston, in addition to his tax at Medford ; but in effect it was a proposal to change his domicile, and of course his legal liability, “ trusting to the prudence and moderation of the assessors of Boston,” and expressing a wish in future to pay a light tax to the city. It is impossible to un *12 derstand this notice otherwise, than as a proposal to he taxed in Boston instead of Medford, but not in both ; that of course, it was to be accomplished by a change of domicile, which would thus alter his legal liability. Perhaps, it might be safe to conjecture that it was intended as an overture, to invite some communication and some assurance from the assessors that his tax there should be a light one. But without placing reliance on this suggestion, we think it cannot be construed as a request or consent absolutely and unconditionally to be taxed in Boston, but as manifesting or declaring an intention to do that which would render him liable to be so taxed. But such declaration of his intention was not binding upon him ; he might alter it at any time before the actual assessment of the tax. Now it appears, that in point of fact, he had not changed his domicile on the first of May, or at any time afterwards, that he continued to reside in Medford, and was in fact and rightfully taxed there. We are therefore of opinion, that notwithstanding his letter to the assessors, he was not rightfully assessed for his poll, income and personal property in Boston, and that such a tax could not rightfully be enforced by legal process.[1]
2. But it has been contended that, though the plaintiff was not liable, still that his remedy is not by an action of assumpsit to recover back the money, but that he should have sought b’s remedy by appeal, pursuant to statute ; and the case of Osborn v. Danvers, 6 Pick. 98, is relied on to support this position.
But we think this case is clearly distinguishable from that cited. The only point ruled there was, that where a party is liable to taxation for some personal property, and the gravamen of his complaint is, that he is taxed for property in respect to which he is not liable, it is essentially a case of over-valuation, and his only remedy is by appeal. But here the ground is, not that he was over-taxed, but that he was not liable to be taxvd at all; that he was not an inhabitant. The distinction is obvious. Resident citizens, being in other *13 respects qualified, have a voice in assessing taxes, in electing assessors and other officers, and by means of their powers and immunities, have a security against over-valuation and excessive taxation. But what is more directly to the point is, that one not liable, not domiciled, is not within the jurisdiction ol the assessors, any more than a stranger from another State, who should happen to be lodging at a hotel, when the tax was assessed. The whole proceeding therefore, in regard to him, is without authority ab initio.
But it is contended that as the plaintiff was liable to be taxed to a certain extent in Boston and did pay a tax, therefore, it is a question of over-taxation. Little v. Greenleaf, 7 Mass. R. 236. ,
In the first place, there is nothing in the statement showing the fact, or from which it may be presumed, that the plaintiff, though domiciled in Medford, was carrying on trade in Boston, so as to render him liable under the clause in the tax act, for personal property constituting a stock in trade, in a town other than that where he dwells. We think it quite clear from the statement taken together, that the other tax assessed upon the plaintiff, and which he voluntarily paid, was a tax on his real estate.
It is then insisted, that the whole real and personal estate, constitute one integral subject of taxation ; and therefore if the plaintiff was liable for any thing, the complaint of excess is essentially a complaint of over-valuation and the remedy is by appeal, within the authority before cited.
But we think there is a broad distinction between the liability in respect to real and personal property. The law recognises this distinction, and renders all real estate, liable in the town where it lies, whether tire owner be resident or nonresident, a citizen of this State or of any other. The tax is made a lien on the estate, whoever is the owner. It is in the nature of a specific tax on the estate, whoever may be the owner, rather than on any particular person as owner. And we think therefore that the real estate of a non-resident owner, is to be regarded as a distinct subject of taxation, from the poll, income and personal estate of a domiciled resident, ta be by law distinctly assessed and in regard to which, persons *14 aggrieved have separate and distinct remedies. In the case cited, Little v. Greenleaf\ the question was, whether the party complaining was liable to be taxed for any property, in the town of Newhuryport; because, if so, it was a case of over-assessment and not of the assessment of a person not liable. But it is obvious from the reasoning of the Court and the nature of the question, whether he was liable to taxation, under the clause of the tax act alluded to, for stock in trade carried on in another town, that the inquiry turned on the question of liability there in respect to personal property. So in the case of Gray v. Kettell, 12 Mass. R. 161, the question was as to the liability of the plaintiff, in respect to a stock in trade in another town, that is, personal property.
We are therefore of opinion, that the case of the plaintiff was one not of over-valuation ; that he stands in the same situation as if he had not been an owner of taxable real estate, and that his remedy is the same as that of any non-resident, who should be erroneously taxed, as not being liable at all The case is not within the principle decided in Osborn v. Danvers.
3. The only remaining question is, whether this money was paid voluntarily, or under duress. A party who has paid voluntarily under a claim of right, shall not afterwards recover back the money, although he protested at the time against his liability. The reason of this is obvious. The party making the demand, may know the means of proving it, which he may afterwards lose ; and because another course, would put it in the power of the other party, to choose his own time and opportunity for commencing a suit. Brisbane v. Dacres. 5 Taunt. 143. But it is otherwise, when a party is compelled by duress of his person or goods to pay money for which he is not liable ; it is not voluntary but compulsory, and he may rescue himself from such duress, by payment of the money, and afterwards on proof of the fact recover it back. Jlstleyv. Reynolds, 2 Str. 916.
What shall constitute such duress, is often made a question. Threat of a distress for rent, is not such duress, because the party may replevy the goods distrained and try the question of liability at law. Knibbs v. Hall, 1 Esp. Rep. 84 *15 Threat of legal process is not such duress, for the party may plead, and make proof, and show that he is not liable. Brown v. MíKinally, I Esp. Rep. 279. But the warrant to a collector, under our statute for the assessment and collection of taxes, is in the nature of an execution, running against the person and property of the party, upon which he has no day in court, no opportunity to plead and offer proof, and have a judicial decision of the question of his liability. Where therefore a party not liable to taxation, is called on peremptorily to pay upon such a warrant, and he can save himself and his property in no other way than by paying the illegal demand, he may give notice that he so pays it by duress and not volun tarily, and by showing that he is not liable, recover it back, as money had and received. Amesbury W. <$■ C. Manuf. Co. v. Amesbury, 17" Mass. R. 461.
It appears by the facts agreed, that upon the first notice ol the tax, the plaintiff applied to the treasurer and collector, set ting forth his specific ground of objection, namely, that he was not an inhabitant and not liable to the tax on personal property. The plaintiff was informed by the collector, that he had no discretion on the subject, and unless he obtained an abatement, a warrant of distress would issue against him. He then applied to the city government, stated the grounds of his objection, and remonstrated against the tax ; but they decided that the tax must be paid, of which the collector was duly informed. The law under which the treasurer and collector acted, oblig • ed him to issue a warrant, under which the person and property of the plaintiff would have been liable to be taken, and that officer had notified him that such warrant would be issued. Under these circumstances the money was paid, and we think it cannot be considered as a voluntary payment, but a payment made under such circumstances of constraint and compulsion, and with such notice on his part, that it was so paid, that on showing that he was not liable he may recover it back, in this action, from the defendants, into whose treasury it has gone.

Defendants defaulted.

 See Lyman v. Fiske, 17 Pick. 231; Thorndike v. Boston, 1 Metc. 242 Sears v. Boston, ibid. 250.