## COMMISSIONERS OF PAWNEE COUNTY V. THE ATCHISON, TOPEKA & SANTA FÉ RLD. CO.

TAXES *Paid Under Protest; Action for Recovery; Commissioners Not Liable For.*   In an action brought by the Atchison, Topeka & Santa Fé railroad company against the county commissioners of Pawnee county, to recover back certain taxes paid by the railroad company to the county treasurer of said county, it is alleged in the petition, that said taxes were illegal, and that they were paid under protest and to prevent the county treasurer from issuing tax warrants for their collection; and it is claimed that they were illegal because they were levied, as is alleged in the petition, as follows: "2½ mills incidental tax in school district No. 1;" "2 mills incidental tax in school district No. 8," etc.   And it is not alleged or shown in said petition that the county commissioners ever had anything to do with or concerning said taxes, either before or after their levy or collection.   *Held*, That said petition does not state facts sufficient to constitute a cause of action in favor of the railroad company and against the county commissioners.

*Error from Pawnee District Court.*

AT the December Term, 1877, of the district court, the defendant in error (plaintiff below) had judgment against the *Commissioners of Pawnee County*, who bring the case here on error.   The facts appear in the opinion.

*N. B. Freeland,* county attorney, for plaintiff in error.

*Ross Burns, J. G. Waters,* and *W. C. Campbell,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Atchison, Topeka & Santa Fé railroad company against the county commissioners of Pawnee county, to recover back certain taxes paid by the railroad company to the county treasurer of said county. The railroad company alleged in its petition that said taxes were illegal, and that it paid them under protest, and to prevent the county treasurer from issuing tax warrants for their collection. It is claimed that said taxes were illegal because they were levied (as is alleged in the petition) as follows: "2½ mills incidental tax in school district No. 1;" "2 mills incidental tax in school district No. 8," etc. The county commissioners demurred to the plaintiff's petition on the grounds—1st, that there was a defect of parties defendant; 2d, that the petition did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and rendered judgment against the county commissioners for the amount of said taxes and costs. This ruling the county commissioners claim is erroneous, and ask that the judgment be reversed because thereof.

We pass over the first question, as to whether there was a defect of parties defendant, or not, (but see *Hays v. Hill,* 17 Kas. 360,) and come to the second question, Does the petition state facts sufficient to constitute a cause of action against the county commissioners or the county of Pawnee? And involved in this question are these questions: What wrong or wrongs have the defendants done? what right or rights of the plaintiff have the defendants infringed? Certain taxes were levied, but it is not alleged that the defendants levied them, and in all probability they did not levy them. Probably the respective school districts as provided by statute levied them. (Laws of 1876, p. 79, § 82; id., p. 248, § 11; id., p. 255,

§ 30.) The county treasurer, and not the county commissioners, collected these taxes. They were collected for certain school districts, and not for the county or county commissioners. And it does not seem that a single cent of them was ever placed to the credit of the county or the county commissioners. Whether the county treasurer has paid them over to the respective school districts or still holds them, is not shown. Probably he has paid them over to the districts, for it was his duty to do so under the law. (See said §§ 82 and 30 of the laws of 1876, pp. 80 and 255.) Everything that has been done concerning said taxes, has been done by the school districts respectively, and by the county treasurer; and not a thing has been done by the county or the county commissioners. And it has all been done for the benefit of said school districts, and not for the benefit of the county or the county commissioners. Now as neither the county nor the county commissioners have ever done any wrong as against the railroad company, as they have not ratified any wrong, and as they have not received the benefit of any wrong, how can they be held liable? We think they are not liable. In connection with this question, see *State v. Leavenworth County,* 2 Kas. 61. The case of *Jackson County v. Craft* is not applicable to this case. Whether the law as there enunciated is still the law, it is unnecessary now to decide. The county treasurer's bond, however, which was then given to the *county commissioners,* (Comp. Laws of 1862, p. 428, § 104,) is now given to the *state.* (Laws of 1875, p. 113, § 1.) Whether the taxes claimed to be illegal in this case, and paid by the railroad company, are in fact illegal, it is unnecessary to decide; for supposing them to be illegal, still the railroad company has no action against the county or the county commissioners to recover them back.

The judgment of the court below will be reversed.

All the Justices concurring.