The Unión Central Life Insurance Company, Demandante y Apelante, v. Gromer, Tesorero de Puerto Rico, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en un caso sobre devolución de contribuciones pagadas bajo protesta.

Moción de la parte apelada sobre reconsideración de sentencia.

\* No. 824.—Resuelto primeramente en junio 27, 1913.

Resuelto en reconsideración en enero 31, 1914.

Acción Contra El Pueblo de Puerto Rico—Tesorero de Puerto Rico Como Demandado.—Una acción ejercitada contra el Tesorero de Puerto Rico sobre devolución de contribuciones pagadas bajo protesta es en realidad una acción contra El Pueblo de Puerto Rico.

Contribuciones—Devolución de la Cantidad Pagada Bajo Protesta—Interés Contra El Pueblo de Puerto Rico.—El Pueblo de Puerto Rico en virtud de la Ley No. 35 de marzo 9, 1911, sólo ha prestado su consentimiento para que se le demande en cobro de cantidad ilegalmente cobrada en concepto de contribuciones, y no ha prestado su consentimiento para que se le reclamen intereses de dicha cantidad.

Id.—Interés de la Cantidad Pagada Bajo Protesta—Preceptos del Código Civil.—Los preceptos de los artículos 1067, 1068, 1073 y 1075 del Código Civil no son extensivos a casos contra El Pueblo de Puerto Rico para la devolución de contribuciones pagadas bajo protesta.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. Hugh R. Francis.

Abogado del demandado: Sr. Charles E. Foote, Fiscal.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 27 de junio del año próximo pasado este tribunal dictó sentencia en el caso arriba expresado, revocando la dictada por la Corte de Distrito de San Juan, Sección 2ª., en 31 de octubre de 1911, y ordenó ''que la compañía demandante recobrara del Tesorero de Puerto Rico la cantidad de $3,621.73 con los intereses legales desde el día 23 de junio de 1911 en que se presentó la demanda, sin especial condena

\* Vol. 19, D. P. R., 900.

de costas." *The Union Central Life Insurance Company* v. *Gromer,* 19 D. P. R., 900.

El Tesorero de Puerto Rico archivó una moción en 10 de octubre último para que se reconsidere la sentencia pronunciada modificándola en el sentido de que se eliminen de ella las palabras "con los intereses legales desde el día 23 de junio de 1911 en que se presentó la demanda" y dejándola subsistente en cuanto a los demás pronunciamientos que contiene.

De conformidad con la jurisprudencia establecida por la Corte Suprema de los Estados Unidos, hemos de admitir que la acción ejercitada va dirigida realmente contra El Pueblo de Puerto Rico, por más que en la forma el Tesorero de Puerto Rico sea el demandado. *Smith* v. *Reeves,* 178 U. S., 436; *Fitts* v. *McGhee,* 172 U. S., 516; *Reagan* v. *Farmers' Trust Co.,* 154 U. S., 362; *Virginia Coupon Cases,* 114 U. S., 270; *Hagood* v. *Southern,* 117 U. S., 52; *In re Ayers,* 123 U. S., 443; *Cunningham* v. *Macon & Brunswick Railroad Company,* 109 U. S., 446.

Siendo como es la parte demandada propiamente el Pueblo de Puerto Rico, tócanos considerar si ha podido ser condenado a pagar a la parte demandante los intereses de la cantidad que según la sentencia indicada está obligado a devolver.

La Corte Suprema de los Estados Unidos tiene establecido en varias resoluciones el principio de que no pueden fijarse intereses al Gobierno sin que haya una disposición legal que expresamente lo autorice. *Tillson* v. *United States,* 100 U. S., 43, 47; *Angarica* v. *Bayard,* 127 U. S., 251, 260; *United States* v. *North Carolina,* 136 U. S., 211.

La Ley No. 35 aprobada en marzo 9, 1911, que regula el presente caso, establece en su sección 3ª., que cuando se paga bajo protesta una contribución cuyo cobro se cree injusto o ilegal, "la parte que pague esa contribución bajo protesta podrá en cualquier momento dentro del plazo improrrogable de 30 días después de haber hecho el pago, demandar al Tesorero

ante la corte de jurisdicción competente, para obtener la devolución de la citada suma; y si se decidiere teniendo en cuenta los méritos del caso que la cantidad fué recaudada injustamente, puesto que el demandante no la adeudaba al Gobierno, el tribunal que conozca del asunto podrá certificar, de acuerdo con las constancias del mismo, que las contribuciones de referencia fueron pagadas sin existir razón para ello, y que deben ser reintegradas, e inmediatamente el Tesorero procederá a su reintegro, dando preferencia a ese pago sobre cualquier otra reclamación que se haya hecho al Tesorero.''

Dicha ley sólo reconoce al que paga una contribución injusta o indebida el derecho a ser reintegrado de la suma satisfecha y nada estatuye sobre el pago de intereses. Ese silencio es tanto más notable cuanto que la Ley de 8 de marzo de 1906 para definir los *injunctions,* etc., autorizaba en su sección 12ª. el *injunction* para impedir el cobro de cualquier contribución ilegal, precepto que derogó la Ley No. 35 de 9 de marzo de 1911, ordenando que cualquier contribución que se estime injusta o ilegal debe ser pagada bajo protesta, sin cuyo requisito no podrá demandarse su reintegro mediante el recurso que la misma ley acuerda. Tenía conocimiento la legislatura de que la contribución había de pagarse, y sin embargo no ordenó que se verificara en su caso el reintegro de la cantidad satisfecha abonando sus intereses.

Hemos examinado las disposiciones del Código Civil que pueden ser atinentes al caso, y encontramos entre los artículos del capítulo 2ª., título 1º., libro 4º., de dicho cuerpo legal los 1067, 1068, 1073 y 1075 que dicen así:

''Artículo 1067.—Incurren en mora los obligados a entregar o hacer alguna cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación.''

\*          \*          \*          \*          \*          \*          \*

''Artículo 1068.—Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas.

"Artículo 1073.—La indemnización de daños y perjuicios comprende, no sólo el valor de la pérdida que haya sufrido, sino también el de la ganancia que haya dejado de obtener el acreedor, salvas las disposiciones contenidas en los artículos siguientes.

"Artículo 1075.—Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal."

Esos preceptos son aplicables a las obligaciones entre particulares pero no son extensivos a casos como el presente en que la parte obligada es El Pueblo de Puerto Rico, pues el código no lo expresa, ni necesariamente se deduce de los preceptos transcritos.

"Por generales y amplios que sean los términos en que esté redactado un estatuto no se considerará que el Estado o el pueblo están comprendidos en el alcance de sus preceptos a no ser que expresamente se les haya mencionado en el mismo o que resulten incluídos en él por deducción necesaria. Esta doctrina general es especialmente aplicable a aquellos estatutos por los cuales pudiera quedar privado el Estado de sus prerrogativas, títulos, derechos o intereses. * * * 36 Cyc., 1171–1172."

El Pueblo de Puerto Rico en virtud de la Ley No. 35 de marzo 9, 1911, sólo ha prestado su consentimiento para que se le demande en cobro de cantidad ilegalmente cobrada en concepto de contribuciones, y no ha prestado su consentimiento para que se le reclamen intereses de dicha cantidad, pues si tal hubiera sido su voluntad, la hubiera consignado por modo expreso en aquella ley que como especial regula la materia del presente caso, sin que nos sea permitido acudir a los preceptos del Código Civil, para establecer una obligación que el mismo Pueblo de Puerto Rico no quiso imponerse.

La Ley de lo Contencioso-Administrativo de 13 de septiembre de 1888 y el Reglamento de la misma materia, aprobado por Real Decreto de 29 de diciembre de 1890, que regían hasta que vino su derogación a virtud de la Ley de marzo 10, 1904,

tampoco contenían precepto alguno relativo a intereses de cantidades indebidamente satisfechas al Tesoro de esta Isla, y no tenemos conocimiento de que al decidirse reclamaciones contencioso-administrativas por contribuciones indebidamente satisfechas se hubiera ordenado el pago de intereses juntamente con la devolución de la cantidad ingresada en el Tesoro.

Por las razones expuestas procede dejar sin efecto el pronunciamiento que contiene nuestra sentencia de 27 de junio del año próximo pasado, en cuanto ordena que el demandante recobre del Tesorero de Puerto Rico intereses legales de la suma de $3,621.73 a cuyo reintegro fué condenado, quedando subsistente dicha sentencia en cuanto a los demás extremos que contiene.

> *Modificada la sentencia de junio 27, 1913, eliminando el pronunciamiento sobre intereses.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

El Juez Asociado Sr. del Toro no intervino en la resolución de esta moción.

La anterior opinión no ha sido posible publicarla a continuación de la primera opinión emitida en junio 27, 1913, 19 D. P. R., 900, porque al presentarse la moción de reconsideración ya estaban impresas las opiniones de junio.