No. 25,124.

JOHN T. SALTHOUSE, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF McPHERSON, *Appellant*.

SYLLABUS BY THE COURT.

1. TAXATION—*Action to Recover Taxes Unlawfully Collected by Reason of Plaintiff Having Purchased Government Bonds—Exemptions—Injunction—Limitation of Action.* The fact that the statute authorizes an aggrieved taxpayer to apply to the state tax commission for relief from various errors, including those whereby taxes have been charged upon exempt property, does not prevent one who under compulsion has paid taxes which were invalid because imposed with respect to the ownership of government bonds, under no authority but that of an unconstitutional act, from maintaining an action against the county for its recovery. Nor is such action barred by the fact that the plaintiff might have obtained an injunction against the collection of the taxes.

2. SAME—*Action Against County—Treasurer Not a Necessary Party.* In an action against the county for the recovery of money unlawfully exacted from a taxpayer the county treasurer is not a necessary party.

3. SAME—*Taxes Paid Under Protest—Protest Need Not Be in Writing.* Where a tax is paid under protest at a time when such payment is necessary in order to avoid additional expense it is not essential to a right of recovery that the protest should be in writing.

4. SAME—*Recovery of Illegal Taxes—Limitation of Action.* The fact that a remedy for a void assessment might have been had by application to an administrative body within a limited time does not affect the running of

the statute of limitations on a claim against a county for the repayment of the taxes based thereon which were illegally collected.

5. SAME—*Claim for Recovery of Illegal Taxes an "Account"—Appeal From County Commissioners.* A claim against a county for having collected an illegal tax is an "account" which may be presented to the board of commissioners for allowance or rejection, an appeal to the district court lying from its action.

6. SAME—*Judgment Against County—Does Not Bear Interest.* A judgment against a county in an action for the repayment of a void tax does not bear interest, the statute providing in general terms that judgments shall bear interest not applying where the state or county is the debtor.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion filed March 8, 1924. Modified and affirmed.

*Alex S. Hendry,* of McPherson, for the appellant.
*G. F. Gratton,* of McPherson, for the appellee.

The opinion of the court was delivered by

MASON, J.: John T. Salthouse sued McPherson county for the recovery of taxes he had been compelled to pay by reason of having purchased government bonds. Judgment on the pleadings was rendered in favor of the plaintiff and the defendant appeals.

The statute under which the tax was collected has been held to be unconstitutional, being an attempt by the state to tax property which is by the federal law exempt. (*Lantz v. Hanna,* 111 Kan. 461, 207 Pac. 767.) The plaintiff was entitled to a return of his money unless his recovery was prevented by purely procedural considerations.

1. The defendant asserts that the plaintiff could not maintain an action against the county for the return of the money illegally taken from him because he was afforded a specific remedy, which was exclusive, by the following statutory provisions:

"The county clerk at any time previous to November 1 may correct any . . . errors whereby taxes have been charged upon property which the constitution or the law specifically exempts from taxation: *Povided,* That no property shall be stricken from the roll as exempt until authority to so do is obtained from the tax commission; . . ." (R. S. 79-1701.)

"If any taxpayer shall have a grievance not remediable or which has not been remedied under section 1 of this act [of which the foregoing quotation is a part] such grievance may be presented to the tax commission at any time prior to the first day of August of the year succeeding the year when the assessment was made and the taxes charged which are the basis of the grievance, and the said commission shall have full authority to inquire into the grounds

of complaint, and if it shall be satisfied from competent evidence produced that there is a real grievance, it may direct that the same be remedied either by canceling the tax if uncollected together with all penalties charged thereon, or if the tax has been paid, by ordering a refund of the amount found to have been unlawfully charged and collected. . . ." (R. S. 79-1702.)

It is argued that one of the purposes of the statute quoted was by a special statute of limitation to impose a requirement of speedy action upon those who wish to challenge the legality of an assessment made against them. The general rule is that the existence of a statutory remedy, in connection with the proceedings for the imposition of the tax, for the correction of an error is exclusive and one who does not avail himself of its benefits has no standing to invoke the aid of the courts to relieve him from the results of the wrongful proceeding. (37 Cyc. 1177.) This is ordinarily applied, however, where the tax is merely irregular and not where it is void. It applies where the wrong consists in an irregularity of procedure, a mistake of fact, or an excessive estimate or other error of judgment, but not where the tax is imposed without jurisdiction, as in the case of an attempt to reach property which is exempt as a matter of law upon the admitted or established facts, or to enforce an unconstitutional statute. In this connection it is said:

"This rule applies to all cases of excessive valuation where the assessing officer or board acts within its jurisdiction. On the other hand, where the defects or errors are jurisdictional, rendering the assessment invalid, the party aggrieved has the right to invoke judicial remedies against the illegal acts of such officer or board." (*Clay County v. Brown Lumber Company,* 90 Ark. 413, 417.)

"We do not understand that the property owner or taxpayer is confined to the statutory remedies, where there is an illegal assessment, or attempted assessment, of property or the collection of a tax, and the property is exempt from taxation." (*Ryan, &c., v. City of Louisville,* 133 Ky. 714, 718. See, also, *Tobey v. Kip,* 214 Mass. 477; *Preston v. Boston,* 29 Mass. 7; *Graham v. City of West Tampa,* 71 Fla. 605; *Layman v. Iowa Telephone Co.,* 123 Iowa 591; *Powder River Cattle Co. v. Board of Commissioners,* 45 Fed. 323.)

The plaintiff argues, however, that a purpose of the legislature to make the appeal to the tax commission an exclusive remedy is to be inferred from this circumstance: Section 79-1702 as originally enacted concluded with this provision: "No remedy herein provided for shall prevent any taxpayer from pursuing any remedy which can now be given by any court in this state." (Laws 1913, ch. 322, § 2.) When the section was converted into its present form a number of changes were made and the sentence just quoted was omitted.

From this the plaintiff infers an intention to forbid a resort to any remedy other than that given by this statute. To us the more reasonable view appears to be that if the legislature—its attention having been specifically directed to the matter—had desired to make the remedy of this statute exclusive in all cases it would have said so expressly; that in merely omitting all reference to the subject it intended the ordinary rule to prevail—that in respect to irregularities a failure to invoke this remedy should be a bar to any other, while in the case of a want of jurisdiction, as where an effort is made to enforce an unconstitutional statute, an action to recover money illegally exacted may still be available. The withdrawal of the express provision left the statute as though it had never been inserted, going neither to the extreme of making the remedy exclusive in all cases on the one hand, nor to the extreme of making it exclusive in no case whatever on the other.

In the present case it may be suggested further that as the question on which the validity of the assessment turned was whether the statute the taxing officials were acting under was constitutional, and the tax commission had already held that it was, a resort to that tribunal would manifestly have been ineffectual.

It is also suggested that it was incumbent on the plaintiff to seek an injunction against the collection of the tax. The fact that he did not do so is not a bar to his recovery of the amount illegally collected.

2. A further contention is made that there is a defect of parties because the county treasurer was not made a defendant. This action is in the nature of one for money had and received, in which the treasurer, who is merely an agent of the county, is not interested. No occasion exists for his being made a party. Various cases relating to taxation are cited as supporting the defendant's contention in this regard, but they turn upon peculiarities of the statutes invoked. One was a proceeding in mandamus for the collection of state taxes. (*The State, ex rel., v. Leavenworth County*, 2 Kan. 61.) Another was for the recovery of taxes levied by school districts and collected for them and presumably paid to them by the county treasurer, in accordance with the statute in force at the time. (*Comm'rs of Pawnee Co. v. A. T. & S. F. Rld. Co.*, 21 Kan. 748.) In another the county treasurer was a party. (*St. Louis & S. F. Rly. Co. v. Board of Comm'rs of Labette County, et al.*, 63 Kan. 889, 66

Pac. 1045.) Others arose under a statute requiring where certain conditions existed a refund by the county treasurer of the proceeds of tax sales. (*Comm'rs of Saline Co. v. Geis*, 22 Kan. 381; *Richards v. Comm'rs of Wyandotte Co.*, 28 Kan. 326.)

3. The defendant further contends that the payment of the tax was voluntary, because no relief had been sought through the tax commission, and because the protest made was not in writing. The first of these contentions is covered by what has already been said. The second is unsound because a written protest is not essential, not being required by the statute. (37 Cyc. 1185.) The payment was made under protest at a time when it was necessary to prevent the execution of a tax warrant and was not voluntary. (*K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kan. 587.)

4. It is also asserted that the action is barred by the statute of limitations, the reference apparently being to the provision of the statute requiring taxpayers who present their grievances to the tax commission to do so before August 1 of the year succeeding the assessment. The assessment was made March 23, 1920, the levy in August, 1920. The tax was paid in December, 1921, and June, 1922. A formal claim against the county for its recovery was presented to the commissioners September 15, 1922. The board having rejected the claim on October 2, the plaintiff took an appeal to the district court, where it was filed October 13, 1922. The defendant invokes the rule under which it has been held that where two forms of action to enforce the double liability of stockholders are open to the creditors of a corporation both are barred when the statute has run upon either. (*Cottrell v. Manlove*, 58 Kan. 405, 49 Pac. 519.) It contends that a cause of action accrued to the plaintiff with the assessment and levy. No action for the recovery of the money arose until the money was paid, and whatever method of procedure might have been open to the plaintiff before that was not an action for the same purpose in such sense as to affect the period of limitations applicable here.

5. The point is sought to be made, which we find to be not well taken, that the claim of the plaintiff was not an "account" against the county and therefore was not within the operation of the statute relating to the presentation of such accounts to the board of commissioners. (R. S. 19-221.) From this it is argued that no jurisdiction was acquired by the district court by the appeal from the

disallowance of the demand. The defendant describes the plaintiff's proper action as one in assumpsit for money had and received, and quotes a text to the effect that such action will lie because of property taken by distress to satisfy an illegal tax. (26 R. C. L. 454.) To support the contention that the plaintiff's claim is not of the kind that required presentation to the county board the defendant cites *Comm'rs of Saline Co. v. Young,* 18 Kan. 440. That case was based upon a statute authorizing the refund by the county treasurer without the intervention of the commissioners of the money received for a void tax deed. An Oklahoma case is also cited, which points out the distinction growing out of the character of the statute. (*Broadwell v. Board of Com'rs,* [Okla.] 211 Pac. 1040.) A Wisconsin case cited by the defendant holds that the claim for a tax fund there involved was not an account, but in the opinion it is said:

"It was not a statement of claims in the nature of moneys had and received by the county for the use of the petitioner, as might perhaps have been the case if the lands had not been liable at all to taxation, or if they had been doubly assessed, or the taxes once paid had been collected a second time, or if, for any other cause, there had been no foundation whatever for the taxes." (*Stringham v. The Board of Supervisors of Winnebago County,* 24 Wis. 594, 599.)

6. Judgment was rendered merely for the amount of the tax paid —$207.18—without interest. A provision was inserted, however, that the judgment itself should bear interest at the rate of 6 per cent from the date of its rendition. The county is not liable for interest on its obligations, for a statute which in general terms requires the payment of interest does not apply to the state or county unless it expressly so provides. (*Jackson County v. Kaul,* 77 Kan. 717, 96 Pac. 45.) The statute declares that all judgments shall bear interest. (R. S. 41-104.) There being no express reference to the state or county, they are by implication excepted from the operation of the general rule. (See 15 R. C. L. 17.)

The judgment is modified by striking out the clause relating to interest, and as so modified it is affirmed.