RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; WIRSHING & Co., S. EN C., interventora.

Núm. 109.—*Sometido:* Diciembre 3, 1946. *Resuelto:* Marzo 13, 1947.

*Hon. Procurador General Interino, Luis Negrón Fernández y Elmer*

*Toro Lucchetti, Procurador General Auxiliar,* abogados del peticionario; *Vicente Zayas Pizarro,* abogado de la interventora, querellante en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Wirshing & Co., S. en C., sociedad civil, agrícola e industrial con carácter comanditario, y con oficina principal en Juana Díaz, Puerto Rico, el 22 de diciembre de 1944 introdujo en Puerto Rico un arrancador eléctrico para una bomba de guarapo instalada en la fábrica de azúcar de su planta industrial, el cual constituía maquinaria esencial para el funcionamiento de la misma. El Tesorero de Puerto Rico le impuso arbitrios sobre dicho arrancador, los cuales fueron pagados por la interventora bajo protesta en 5 de marzo de 1945 y el 19 de marzo solicitó del Tesorero el reintegro de los mismos. No fué hasta el primero de octubre del mismo año que el Tesorero denegó el reintegro. Acudió entonces la interventora ante el Tribunal de Contribuciones alegando, en síntesis, que los arbitrios impuestos son ilegales porque el arrancador eléctrico extá exento del pago de arbitrios bajo la sección 16(*b*) de la Ley de Rentas Internas, adicionada por la Ley número 77 de 9 de mayo de 1944 (pág. 167). El Tribunal de Contribuciones desestimó el recurso por falta de jurisdicción porque fué incoado el 19 de octubre de 1945, o sea, siete meses después de la fecha del requerimiento de pago y para poder acudir al Tribunal de Contribuciones tenía que hacerlo dentro de treinta (30) días a partir de la fecha del pago. La interventora entonces presentó una moción de reconsideración alegando haber sido inducida a error por resoluciones anteriores del Tribunal de Contribuciones revocadas por dicho tribunal en *P. R. Iron Works, Inc.* v. *Tesorero,* resuelto el día 3 de julio de 1946, invocando la regla seguida en *Mayagüez Light, Power & Ice Co.* v. *Tribunal de Contribuciones,* 65 D.P.R. 30. El Tribunal declaró con lugar la moción de reconsideración y dictó resolución final al efecto de que habiendo demostrado la prueba que la pieza envuelta

en el caso era para ser usada en maquinaria esencial para el funcionamiento de la planta industrial de la contribuyente, y que habiendo resuelto anteriormente la misma cuestión favorablemente a la contención de la contribuyente en el caso de *Cía. Cervecera de Puerto Rico* v. *Tesorero*, A-44, procedía declarar con lugar la querella en todas sus partes, ordenando en su consecuencia al Tesorero el reembolso de los arbitrios, más los intereses a razón del seis (6) por ciento anual desde la fecha de la radicación de la instancia. Expedimos el auto de *certiorari* a petición del Tesorero para revisar esta resolución.

Alega el peticionario que el Tribunal de Contribuciones cometió tres errores. Los dos primeros son iguales a los discutidos y resueltos a favor del contribuyente en el caso de *Buscaglia* v. *Tribunal de Contribuciones, Crown Beverages, Inc.*, interventora, núm. 126, ante, pág. 57, y, por tanto, procede desestimarlos. Veamos el tercer señalamiento que dice así:

"El Honorable Tribunal de Contribuciones de Puerto Rico erró al ordenar al Tesorero de Puerto Rico el pago de intereses al seis (6) por ciento anual, por tratarse de una acción establecida contra El Pueblo de Puerto Rico bajo las disposiciones de la Ley núm. 169 de 1943, la cual no contiene disposición alguna autorizando la imposición de intereses a El Pueblo de Puerto Rico, ni contiene asignación alguna para el pago de dinero del Tesorero por concepto de intereses."

■■ La interventora admite en su alegato que el tribunal inferior erró al conceder intereses sobre la suma cuya devolución ordenó desde la fecha de la radicación de la querella pero sostiene que la resolución recurrida debe modificarse concediendo dichos intereses únicamente desde la fecha en que se dictó la resolución. Para llegar a esta conclusión arguye que la sección 4 de la Ley número 169 de 1943 dispone que:

"Todos los procedimientos ante el Tribunal, incluyendo la presentación y admisión de prueba, se regirán por las reglas del Tribunal

las que serán aprobadas por el Gobernador de Puerto Rico *y, en su defecto, por las disposiciones del Código de Enjuiciamiento Civil* o de las Reglas de Procedimiento que promulgue el Tribunal Supremo de Puerto Rico . . . . '' (Bastardillas nuestras.)

y que disponiendo el artículo 341 del Código de Enjuiciamiento Civil que ''El secretario incluirá en el registro de la sentencia, los intereses correspondientes a la misma desde la fecha en que se dictó . . . '' constituye un deber ministerial del secretario del Tribunal de Contribuciones incluir dichos intereses ya que el artículo 341 no hace excepción en cuanto a acciones entabladas en contra de El Pueblo de Puerto Rico.

No tiene razón la interventora. Los términos en que está redactada la sección 4 de la Ley número 169 de 1943, supra, claramente demuestran que la intención legislativa al hacer supletorias a las reglas aprobadas por el Tribunal de Contribuciones, las disposiciones del Código de Enjuiciamiento Civil o de las Reglas de Procedimiento que promulgó este Tribunal Supremo, los limitó ''a todos los procedimientos ante el Tribunal, incluyendo la presentación y admisión de prueba.'' Específicamente los limitó a cuestiones de procedimiento. No hizo extensiva cualquier disposición de carácter sustantivo que pudiera estar comprendida en el Código de Enjuiciamiento Civil como lo es la concesión de intereses a que se refiere el artículo 341, supra. Como dijimos en el caso de *Franceschi, Ex parte,* 53 D.P.R. 75, citado por la interventora, '' . . . el derecho a . . . intereses ha sido creado por el artículo 341 citado . . . '' de manera que no puede sostenerse que sea una mera cuestión de procedimiento.

Si la Ley número 169 de 1943 no concede intereses de clase alguna al contribuyente triunfante, como admite la interventora, no procedía su concesión, ni desde la fecha de la radicación de la querella ni desde la fecha en que se dictó la resolución recurrida, ya que el contribuyente no puede recobrar intereses a menos que exista una ley que expresa-

mente autorice su pago. *Union Central Life Ins. Co.* v. *Gromer,* 20 D.P.R. 86; *West India Oil Co.* v. *Benítez Castaño, Admor.,* 51 D.P.R. 273; *Fajardo Sugar Co.* v. *Richardson,* 7 P. R. Fed. Rep. 154; *Sunny Brook Distillery Co.* v. *U. S.,* 48 F.2d 976, en el que se dijo, a la página 981: "La concesión de intereses en contra del gobierno es una cuestión de privilegio, manifiestamente restrictiva, nunca se presume, y no debe concederse a menos que clara y específicamente se autorice." Al mismo efecto véanse *U. S.* v. *North Carolina,* 136 U. S. 211; *U. S.* v. *Goltra,* 312 U. S. 203; *Rosenman et al.* v. *U. S.,* 323 U. S. 658.

En el caso de *Salthouse* v. *Board of Commissioners,* 224 Pac. 70, los hechos eran iguales a los del caso de autos. Se dictó sentencia por la suma de la contribución reclamada sin intereses, pero se insertó un disponiéndose al efecto de que la sentencia devengaría intereses desde la fecha en que se dictó. La corte resolvió lo siguiente, página 73:

"El condado no es responsable por intereses sobre su obligación, pues un estatuto que en términos generales requiere el pago de intereses no es aplicable al estado o al condado a menos que expresamente así lo disponga. (Cita.) El estatuto dispone que todas las sentencias devengarán intereses. (Cita.) No habiendo referencia alguna al estado o al condado, ellos están por implicación exceptuados de que se les aplique la regla general."

En el caso de *Schlesinger* v. *State,* 218 N. W. 440, se citó con aprobación la doctrina del caso de *Salthouse* y se dijo, además, que "los casos que se acaban de citar se basan en la mundialmente reconocida regla de que un estado soberano no puede ser demandado en sus cortes, a menos que su consentimiento sea concedido por ley."

*Debe modificarse la resolución recurrida eliminando la concesión de intereses y así modificada, se confirma.*

El Juez Asociado Sr. Snyder no intervino.